UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
**Carrie Lou Evans**,               )
                                    )
    **Plaintiff,**  )
                                    )
    **v.**          )    **Civil No. 1:16-cv-01932 (APM)**
                                    )
**United States Patent and Trademark** )
**Office,**                         )
                                    )
    **Defendant.**   )
_____ )

## MEMORANDUM OPINION

Plaintiff Carrie Lou Evans claims that she was improperly terminated from her position with Defendant United States Patent and Trademark Office ("USPTO" or "Defendant"). *See* Not. of Removal, ECF 1, Ex. 1, ECF 1-1 [hereinafter Compl.], at 2. Plaintiff, proceeding *pro se*, specifically alleges that other USPTO employees falsified documents to effectuate her termination. Her Complaint does not, however, specify any particular cause of action arising from the alleged wrongful termination. *Id*. at 2–3. In response to Plaintiff's Complaint, Defendant filed a Motion to Dismiss. *See* Def.'s Mot. to Dismiss, ECF. No. 5 [hereinafter Def.'s Mot.]. Defendant argues that the court must dismiss the Complaint for lack of subject matter jurisdiction or, alternatively, for Plaintiff's failure to state a claim for relief. As the court finds that it lacks subject matter jurisdiction over this matter, it need not address the sufficiency of Plaintiff's Complaint.

The court liberally construes Plaintiff's Complaint to assert a claim of wrongful termination from federal employment. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). Defendant does the same and argues that Plaintiff's claim necessarily arises under the Civil Service Reform Act of 1978 ("CSRA"), 5 U.S.C. § 7512. Def.'s Mot. at 4–6. The CSRA provides

federal employees "remedies for any 'prohibited personnel practice.'" *Weaver v. USIA*, 87 F.3d 1429, 1432 (D.C. Cir. 1996) (quoting 5 U.S.C. § 2302). Under the CSRA, a federal employee seeking review of an agency personnel action must, as a jurisdictional prerequisite to suit, exhaust all available administrative remedies prior to seeking judicial review. *Id*. at 1433. (stating that "[u]nder the CSRA, exhaustion of administrative remedies is a prerequisite to suit"). Defendant argues that Plaintiff failed to satisfy the exhaustion requirement because she did not first challenge her termination in front of the Merit Systems Protection Board, as required by statute. Def.'s Mot. at 5 (citing 5 U.S.C. §§ 7512(1), 7513(d)). The court agrees. Defendant represents that it is unaware of any effort to exhaust by Plaintiff, *id*. at 6, and Plaintiff offers no evidence to support any other conclusion, *see generally* Compl.; Pl.'s Opp'n to Def.'s Mot., ECF No. 7. Thus, the court finds that Plaintiff failed to satisfy the exhaustion requirement of the CSRA and, as a result, lacks subject matter jurisdiction over Plaintiff's wrongful termination claim.

The court further construes Plaintiff's Complaint to assert tort claims. But even that liberal construction results in dismissal for failure to exhaust remedies. Any tort claim arises under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b)(1). Def.'s Mot. at 6–7. The FTCA operates as a limited waiver of sovereign immunity, rendering the United States amenable to suit for certain, but not all, tort claims. *See Richards v. United States*, 369 U.S. 1, 6 (1962). Like the CSRA, "[t]he FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies." *McNeil v. United States*, 508 U.S. 106, 113 (1993); *see also* 28 U.S.C. § 2675(a). Again, Plaintiff has failed to offer any indication that she in fact pursued administrative remedies—let alone exhausted them. Thus, the court also lacks jurisdiction over any tort claim alleged by Plaintiff under the FTCA. *See Ali v. Rumsfeld*, 649

F.3d 762, 775 (D.C. Cir. 2011) (recognizing that, under the FTCA, the failure to exhaust administrative remedies is "jurisdictional").

Accordingly, Defendant's Motion to Dismiss is granted. The Complaint and this matter shall be dismissed in their entirety.

A separate final order accompanies this Memorandum Opinion.

Date: March 2, 2017

Amit P. Mehta
United States District Judge